# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MARK DANIEL CROWLEY, ADC #133058                            PLAINTIFF

V.                              NO: 4:17CV00531 JLH

DOES                                                           DEFENDANTS

## ORDER

Plaintiff Mark Daniel Crowley, currently in custody at the Cummins Unit of the Arkansas Department of Correction, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 21, 2017. Document #2.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

According to Crowley, two unidentified officers of the North Little Rock Police Department used excessive for against him during an arrest. Document #2. Crowley sued the two unidentified officers, as well as the North Little Rock Chief of Police and all North Little Rock Police Department supervisors. Crowley sued all Defendants in their official and individual capacities. *Id*.

To support a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of some constitutional right. *See* 42 U.S.C. § 1983; *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1939, 137 L. Ed. 2d 868 (2009). While Crowley named as Defendants the North Little Rock Chief of Police and all North Little Rock Police Department supervisors, he makes no allegations against these Defendants in the body of his complaint. Document #2. A supervisor cannot be held liable under § 1983 for his or her employee's allegedly unconstitutional acts. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Because he has made no specific allegations against the North Little Rock Chief of Police or any North Little Rock Police Department supervisor, Crowley has failed to state a claim against those Defendants.

Further, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id*. Because Crowley has not alleged that any policy, practice, or custom was the moving force

behind the alleged violation of his protected rights (document #2), he has failed to state a claim for relief as to his official capacity claims.

For screening purposes only, the Court concludes that Crowley has stated a claim upon which relief could be granted against to the two unidentified officers of the North Little Rock Police Department in their individual capacities. The Court cannot order service until Crowley has identified the officers by name and address. Any Defendant who is not served within 90 days will be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

IT IS THEREFORE ORDERED THAT:

1. Crowley's claims against the North Little Rock Chief of Police and all supervisors of the North Little Rock Police Department are DISMISSED without prejudice.

2. Crowley's official capacity claims are DISMISSED without prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal would not be taken in good faith.

DATED this 22nd day of August, 2017.

_____
LEON HOLMES
UNITED STATES DISTRICT JUDGE